UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB MATHLEY | Case No. 20 CR 585<br><br>Honorable Maria Valdez |

**GOVERNMENT'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR DETENTION OF DEFENDANT**

This memorandum of law is submitted in support of the government's motion to detain the defendant. A hearing on the motion is set for Friday, September 11, 2020 at 10:30 a.m. For the reasons described below, the government respectfully requests that defendant be detained pending trial.

**I.    LEGAL STANDARD**

The Bail Reform Act, codified at Title 18, United States Code, Section 3142, establishes a set of factors that the Court may consider in its detention determination, including the nature and circumstances of the offense charged, the weight of the evidence against the defendant, and the history and characteristics of the defendant. 18 U.S.C. § 3142(g). If, after a detention hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety *of any other person* and the community, [the Court] shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1)

1

(emphasis added).[1] The meaning of "safety of any other person" in Section 3142(e)(1) is not limited to physical harm or violence. *United States v. Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) ("The concept of 'safety' may include non-physical harm.").

The Federal Rules of Evidence do not apply at a detention hearing and the government may proffer evidence. *See* Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 743 (1987).

## II.   NATURE AND CIRCUMSTANCES OF THE OFFENSE

Defendant is charged by complaint with possession of child pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B). On the day of his arrest, during a post-*Miranda* recorded interview, defendant admitted to possessing, downloading, and distributing child pornography on the dark web. He admitted to collecting and posting links to such images of girls as young as 8 years old.[2]

Indeed, according to the government's ongoing investigation, for at least the last four years, defendant has been a prolific trafficker of child pornography on numerous dark web sites dedicated to child exploitation. One of those child pornography dark web sites was open and running on defendant's laptop at the time agents executed the search warrant on defendant's home last week.

---

[1] With respect to risk of non-appearance, the government bears the burden of proof by a preponderance of the evidence; with respect to danger to the community, the government bears the burden of proof by clear and convincing evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

[2] Despite defendant's statement limiting the images to children 8-years-old and up, the investigation has shown that defendant posted child pornography of children younger than 8 years old, and investigators found child pornography of children younger than 8 years old on at least one of defendant's electronic devices.

2

In addition to trafficking in child pornography on the dark web, the investigation has revealed that defendant posted on the dark web non-pornographic photographs of real children that he knew, and he engaged in discussions with like-minded child pornographers about these real children. For example, Minor A is a 13-year-old girl who attends the school where defendant worked prior to his arrest. Defendant posted numerous photos of Minor A on the dark web, typically with her dressed in gymnastics attire, swimwear, and regular clothing. The following are examples of comments defendant made about Minor A when he posted photos of her on the dark web:

- "god i want to rape this girl"
- "god i need to rape this whore"
- "i would love to tap that pussy"
- "god i need to fuck this girl"
- "god i want her so bad"
- "want to rape her so bad"
- "i want to fuck her so bad"
- "want to rape the little slut"

Minor A appears to be a friend of defendant's 12-year-old daughter, as the government found photographs on the defendant's laptop of Minor A and defendant's daughter together at a birthday party.

Defendant also posted numerous photographs of Minor B on various dark web sites. Minor B is currently 17-years-old and resides in the local area. These photos

3

typically show Minor B in her cheerleading attire and in regular clothing. Defendant sometimes referred to Minor B as "my love," and he has made the following comments about her when posting photographs of her on the dark web:

- "god i want this 13yo so bad"
- "i want to fuck and preg this girl"
- "i steal her panties"
- "want to rape this girl"
- "she is comeing [sic] to babysit for me, i already still [sic] her panties
- "stole this 13yo panties"
- "need to steal more of her panties"
- "i miss my girl i steal panties from she need to get back soon :("

During his post-arrest interview, defendant admitted that Minor B had in fact babysat for him in the past. In addition, during the execution of the search warrant at defendant's residence, law enforcement found multiple pairs of panties stored individually in Ziploc plastic bags. These panties did not appear to belong to defendant's wife or daughter.

On January 15, 2019, defendant posted the following statement on a dark web site dedicated to child pornography: "if I fucked [Minor C][3] it would be ass only once they could breed." In other words, defendant stated that if he raped Minor C, he would engage in anal sex so that she wouldn't get pregnant.

---

[3] Minor C is a 12-year-old girl who defendant has regular contact with.

4

### III. THE STRENGTH OF THE EVIDENCE

The evidence against defendant is very strong. First, as noted above, he confessed to possessing, downloading, and distributing child pornography. Second, he was caught in the act because when agents executed the search warrant, defendant's laptop – which he tossed out the window as agents arrived – was open and running to a child exploitation web site on the dark web. Defendant was home alone at the time of the search. Third, some of the images defendant posted on the dark web had GPS data embedded in it that located to defendant's residence and also to defendant's place of employment.

### IV. NATURE AND CHARACTERISTICS OF THE DEFENDANT

Defendant – who refers to himself as a "pedo" when communicating on the dark web – chose to work at a school where he would be surrounded by children in his preferred age range: as young as 8 years old. He surreptitiously photographed some of those children, posted those images on the dark web, and discussed raping them with like-minded individuals he called his "pedo friends." He also discussed with his "pedo friends" raping Minor C – who is a real minor girl in his life that he knows – fantasizing about how exactly he would rape her so that she wouldn't get pregnant.

### V. LEGAL ANALYSIS

There are no set of conditions that will assure the safety of the community if defendant is released. Defendant is sexually attracted to children, some as young as 8 years old. He regularly talks about wanting to rape them. And defendant isn't just fantasizing about anonymous children on the internet – as if that weren't bad enough

5

– but he fantasizes about raping real children in his life that he knows. All of this rape talk isn't in a vacuum; the rape talk is in conjunction with defendant possessing, downloading, and distributing numerous files of child pornography depicting all sorts of sexual acts with minors, including the very sexual acts defendant fantasizes committing against children he knows. These are all aggravating factors that set this case apart from a typical case of child pornography possession.

Moreover, defendant shared images of these minor girls with his "pedo friends" on the dark web. These images are now forever in the hands of child predators to do as they please with them – to masturbate to them, to use as grooming materials for other minor victims, to trade with other predators, and more.

Courts have recognized that neither a third-party custodian nor pretrial services can eliminate the threat posed by defendant. *See United States v. Fitzhugh*, No. 16-MJ-30364, 2016 WL 4727480, at *5 (E.D. Mich. Sept. 12, 2016) (noting that while defendant's mother's efforts "are impressive," they "simply cannot guarantee that the Defendant will not be able to access the internet and further distribute images"); *United States v. Bivins*, No. 7:11-CR-19 HL, 2011 WL 2182239, at *3 (M.D. Ga. June 3, 2011) (holding "that home confinement, electronic monitoring, and a prohibition on computer possession would not deter [defendant] from obtaining access to the internet," noting, "the internet is constantly becoming easier to access even if a person does not have a personal computer at home.").

The concerns of those courts have been proven by experience in this district. The defendant in *United States v. Hall*, (N.D. Ill. 16 CR 715), was charged with

production and transportation of child pornography and released on bond with third-party custodians and conditions of pretrial release prohibiting internet access. Dkt. #13. Defendant violated those conditions of release by contacting one of his minor victims online. Dkt. #35; Dkt. #72 at 3-5. In conversations with the victim, defendant flouted Pretrial Services' inability to catch him using the internet. Magistrate Judge Finnegan revoked his bond and he was later sentenced to 336 months' imprisonment. Dkt. #91; *see also United States v. Shea*, 493 F. App'x 792, 793 (7th Cir. 2012).

Defendant does not live alone. Others in his household need internet access and electronic devices in order to work and do school work. Defendant's proposed third-party custodian works full-time and cannot monitor his activities for most of the day. If the proposed third-party custodian stays home to monitor him, she will need access to the internet in order to work from home. Such as situation would be untenable because defendant cannot have access to the internet. He's proven to be sophisticated with computers as a dark net user who knows how to anonymize and mask his identity online. The risk is simply too great.

## VI. CONCLUSION

For the reasons described above, the government respectfully requests that the defendant be detained pending trial.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Angel M. Krull*
ANGEL M. KRULL
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604
(312) 886-2954

Dated: September 10, 2020