UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JACOB MATHLEY | Case No. 20 CR 585<br><br>Hon. Rebecca R. Pallmeyer<br>Chief Judge |

**GOVERNMENT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO INDICT**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 30-day extension of time, to and including November 2, 2020, in which to seek the return of an indictment or to file an information in this case. In support of this motion, the government states as follows:

1. The defendant was arrested on September 2, 2020, and he was charged by complaint the next day on September 3, 2020. Dkt. 1. The one-count complaint charges defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). *Id.*

2. On September 3, 2020, the defendant appeared before Magistrate Judge Maria Valdez for an initial appearance, at which the government moved to detain the defendant. Dkt. 3. At the request of the defense, the defendant's detention hearing has been continued to September 22, 2020. Dkt. 9. The defendant waived his right to a preliminary examination hearing in writing. Dkt. 8.

1

3. The Speedy Trial Act, 18 U.S.C. § 3161(b), mandates that an indictment or information be filed within 30 days of the date of a defendant's arrest. As the defendant was taken into custody on September 2, 2020, the deadline for filing an indictment or information in the case against the defendant is October 2, 2020. Time may be excluded from the computation of this thirty-day period if a judge grants a motion for a continuance made by the government upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and public in a speedy trial. *Id.* § 3161(h)(7)(A); *see also United States v. Adams*, 625 F.3d 371, 378–79 (7th Cir. 2010). Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B)(iii) and (iv), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government continuity of counsel or would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. This is the government's first request for an extension of time in which to indict or file an information.

5. For the reasons outlined in the sealed attachment, the government hereby seeks a 30-day extension in which to seek the return of an indictment or file an information against the defendant in this case, to and including November 2, 2020.

6. The government will produce early discovery to the defendant as it becomes available.

7. Counsel for the defendant, Donna Foley, does not oppose this request.

WHEREFORE, the government respectfully requests a 30-day extension of time, to and including November 2, 2020, in which to seek the return of an indictment or to file an information in this case.

Dated: September 16, 2020    Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ *Angel M. Krull*
ANGEL M. KRULL
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 399-9915