UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v.  ) <br> ) <br> ) <br> JACOB A. MATHLEY, ) <br> ) <br> Defendant. ) <br> ) | Judge     Alonso <br> Case No.  20 CR 585 |

## MOTION FOR DISCOVERY AND INSPECTION

Defendant, JACOB A. MATHLEY, by his attorney, Robert A. Heap, respectfully moves, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as follows:

(A)

For entry of an order, pursuant to Rules 16(a)(1)(A) and 16(a)(1)(B), directing the attorney for the government to permit defendant and defendant's attorney to inspect and copy or photograph

1. The substance of any relevant oral statement made by defendant, before or after arrest, in response to interrogation by a person defendant knew was a government agent;

2. Any relevant written or recorded statement by defendant if the statement is within the government's possession, custody, or control and the attorney for the government knows, or through due diligence could know, that the statement exists;

3. The portion of any written record containing the substance of any relevant oral statement made before or after arrest if defendant made the statement in response to interrogation by a person defendant knew was a government agent; and

4. Defendant's recorded testimony before a grand jury relating to the charged offense.

(B)

For entry of an order directing the attorney for the government to indicate writing to the court and to defendant if (1) any of the Rule 16(a)(1)(A) statements and Rule 16(a)(1)(B) statement of defendant requested above is not being produced on the belief and contention by the government that it is not relevant or not within the ambit of said rule and (2) any recorded grand jury testimony of defendant is not being produced on the belief of the government that this testimony is not related to the charged offense.

(C)

For entry of an order, pursuant to Rule 16(a)(1)(D), directing the attorney for the government to furnish to defendant's attorney a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows, or through due diligence could know, that the record exists.

(D)

For entry of an order, pursuant to Rule 16(a)(1)(E), directing the attorney for the government to permit defendant's attorney to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies of portions of any of these items, if the item is within the government's possession, custody, or control and (1) the item is material to preparing the defense, (2) the government intends to use the item in its case-in-chief at trial, or (3) the item was obtained from or belongs to defendant.

This request includes but is not limited to the following:

1. Statements known to or possessed by the government of persons with information relative to defendant or the facts alleged in the indictment who are not prospective witnesses;

2. Statements of codefendants or unindicted coconspirators;

3. The names, addresses, and criminal records of potential witnesses;

4. The criminal records, if any, of (a) witnesses and (b) co-defendants;

5. The name or names, if any, of government informers, agents, employees, or special employees who in any way have knowledge of defendant or the facts alleged in the indictment;

6. Copies and the distribution list of any news or press release or photographs prepared by any agency of the government that in any way relate to the matters alleged in the indictment;

7. Originals or copies of documents obtained from third parties that are in the possession, custody, or control of the government and that the prosecution expects to use in proving the charges in the indictment;

8. Any and all documents or physical things presented or shown to the grand jury; and

9. Any photographs or other pictures used to identify defendant during the course of this investigation or at any time.

(E)

For entry of an order directing the attorney for the government to indicate in writing to the court and defendant if any of the Rule 16(a)(1) material and information requested above is not being produced on the belief and contention by the government that it is either (1) a report, memorandum, or other internal government document made by an attorney for the government or other government agent in connection with investigating or prosecuting the case or (2) a statement made by a prospective government witness as contemplated by 18 U.S.C. §

(F)

For entry of an order, pursuant to Rule 16(a)(1)(F), directing the attorney for the government to permit defendant's attorney to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if (1) the item is within the government's possession, custody, or control; (2) the attorney for the government knows, or through due diligence could know, that the item exists; and (3) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

(G)

For entry of an order, pursuant to Rule 16(a)(1)(G), directing the attorney for the government to provide a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

(H)

For entry of n order directing the attorney for the government to request, pursuant to and in accordance with Rule 16(d)(1), a protective order if the attorney for the government refuses or denies production of any of the material or information requested in this motion.

(I)

      Defendant expresses a willingness to have certain of his discovery requests properly conditioned upon his agreement, which he now expresses, to afford to the government, subject to request by the government and order of court, a reciprocal right to discovery and inspection in accordance with Rule 16(b). To extent that the government produces for discovery and inspection the material and information requested in accordance with Rule 16(a)(1), and subject only to possible claims of attorney work-product protection or the nondisclosure of statements of defendant's prospective witnesses (as contemplated and defined by 18 U.S.C §3500 and Rule 26.2), if any, defendant accordingly will produce this material, if any, for discovery and inspection by the government's attorney, as long as and to the extend that this material is not protected by defendant's privilege against self-incrimination.

Respectfully submitted,

_____
Robert A. Heap
Attorney for Defendant

Robert A. Heap
Kuhn, Heap & Monson
101 N. Washington Street
Naperville, IL 60540
(630) 369-4980 ex. 1
Atty No.: 6185465