

FILED
3/8/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

JACOB MATHLEY

No. 20 CR 585

Judge Jorge L. Alonso

## PLEA AGREEMENT

1.    This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JACOB MATHLEY, and his attorney ROBERT A. HEAP, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.    The superseding information in this case charges defendant with possession of material containing an image of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count One), and distributing child pornography, in violation of Title 18, United States Code, 2252A(a)(2)(A) (Count Two).

3.    Defendant has read the charges against him contained in the superseding information, and those charges have been fully explained to him by his attorney.

4.      Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant Is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the superseding information: Count One, which charges defendant with possession of material containing an image of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), and Count Two, which charges defendant with distributing child pornography, in violation of Title 18, United States Code, 2252A(a)(2)(A). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.      Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

With regard to Count One of the superseding information:

On or about September 2, 2020, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere, JACOB MATHLEY knowingly possessed material, namely, an ASUS laptop notebook, model X540S, bearing serial number

2

G9N0CX18X15038D, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), involving a prepubescent minor and a minor who had not attained 12 years of age, such image having been shipped and transported using any means and facility of interstate and foreign commerce; and such image having been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

With regard to Count Two of the superseding information:

On or about September 2, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere, JACOB MATHLEY, defendant herein, knowingly distributed child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), including files named "1596288528102.jpg" and "3a301b5dcce378d5d47dde19881691d4.jpg" that had been transported in or affecting interstate and foreign commerce, and using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2252A(a)(2).

More specifically, in September 2020, defendant lived in Aurora, Illinois. In his house, defendant possessed an ASUS laptop notebook, model X540S, bearing serial number G9N0CX18X15038D (the "ASUS Computer"). On September 2, 2020, defendant used the ASUS Computer to log into two websites, Website E and Website F, which defendant knew were websites he could use to trade and distribute child

3

pornography. Defendant used the username "Slamdime." Defendant posted "hi all my pedo friends" on both Website E and Website F, which defendant meant as a greeting to others who might seek to trade or receive child pornography. On September 2, 2020, defendant posted a link on Website E to a file named "3a301b5dcce378d5d47dde19881691d4.jpg", which defendant knew contained an image depicting a girl less than twelve years old who was fully nude, with her legs spread open and her hands on either side of genitals, spreading them open. On the same day, defendant posted on Website F, "best way for a girl to wear a skirt hehe" followed by a link to a file named "1596288528102.jpg," which defendant knew contained an image depicting a girl less than twelve years old lifting her skirt around her waist and displaying her genitals. Defendant knew that, by posting the links to the files on Website E and F, he was making them available to users of Websites E and F. Defendant acknowledges that law enforcement personnel accessed the images through the links that he shared and further acknowledges that the Internet is a means or facility of interstate commerce.

Before September 2, 2020, defendant possessed and posted child pornography on the Internet for at least a year and a half, including images portraying prepubescent children engaged in sadistic and masochistic conduct. Defendant acknowledges that he previously posted at least eight videos of child pornography, in addition to photographic images, and that he posted images for the purpose of trading child pornography with other Internet users who were posting on the websites. On

4

July 27, 2020, for instance, defendant posted a link to a "gif" file titled "PedoBum:004x0x0.gif" on the dark net. The gif video depicted an adult female wearing a sex toy, slapping the buttocks of a child, and inserting the sex toy in the child's vagina or anus.

Law enforcement officers seized the ASUS laptop from defendant on September 2, 2020. Officers found over 10,000 images of child pornography on the ASUS laptop and its SD card. The files on the laptop included images that depicted portrayed sadistic and masochistic conduct, as well as depictions of violence. Defendant acknowledges that he downloaded the files over the Internet and that the files therefore had been transported in interstate commerce.

## Maximum Statutory Penalties

7.     Defendant understands that the charges to which he is pleading guilty carries the following statutory penalties:

a.     Count One carries a maximum sentence of 20 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One, the judge also may impose a term of supervised release of not more than three years.

b.     Count Two carries a maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of 5 years. This offense also carries a maximum fine of $250,000. Defendant further understands that the

judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

      c.    Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

      d.    Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which he has pled guilty, in addition to any other penalty or restitution imposed. Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 if the Court determines that he is a non-indigent person.

      e.    Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 40 years' imprisonment, and the minimum sentence is 5 years' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $10,200, in addition to any restitution ordered by the Court.

### Sentencing Guidelines Calculations

    8.    Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii)

6

the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b.     **Offense Level Calculations**.

i.     Pursuant to Guideline § 3D1.2(d), Counts 1 and 2 group.

ii.     The base offense level is 22, pursuant to Guideline § 2G2.2(a)(2).

7

iii.     The offense level is increased by 2 levels, pursuant to Guideline § 2G2.2(b)(2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

iv.     The offense level is increased by 5 levels, pursuant to Guideline § 2G2.2(b)(3)(B), because the defendant distributed child pornography in exchange for any valuable consideration.

v.     The offense level is increased by 4 levels, pursuant to Guideline § 2G2.2(b)(4), because the offense involved material that portrays sadistic or masochistic conduct, including but not limited to "PedoBum:004x0x0.gif."

vi.     The offense level is increased by 2 levels, pursuant to Guideline § 2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession or distribution of the material.

vii.     The offense level is increased by 5 levels, pursuant to Guideline § 2G2.2(b)(7)(D), because the offense and relevant conduct involved 600 or more images containing child pornography.

viii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to

8

satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

ix.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c.     **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.     **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 37 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 210 to 262 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.

9

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

**Agreements Relating to Sentencing**

11.     Each party is free to recommend whatever sentence it deems appropriate. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

13.     Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A, and that defendant also agrees to pay additional restitution, arising from the relevant conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

14.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the

11

United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.     Defendant agrees to pay the special assessments totaling $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court. If the Court finds that the defendant is a non-indigent person, defendant further agrees to pay $10,000 in special assessments, assessed pursuant to Title 18, United States Code, Section 3014, after he has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation ordered by the Court and arising from the conviction.

16.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

17.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the original indictment, as to defendant.

**Forfeiture**

18.     Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property that contains visual depictions described in Title 18, United States Code, Section 2252A; any property used and intended to be used to commit and promote the

commission of such offense; and any property traceable to such property, as provided by Title 18, United States Code, Section 2253(a).

19.     Defendant agrees to forfeiture of the following specific property to the United States: an ASUS laptop notebook, model X540S, bearing serial number G9N0CX18X15038D. In doing so, defendant admits that the property described above facilitated and was involved in the offenses, as alleged in the superseding information. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

20.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

21.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

13

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

22.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in Case No. 20 CR 585.

23.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

24.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

      a.     **Right to be charged by indictment.** Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at

14

trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

   b. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

    i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the superseding information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.     With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

16

c.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

25.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

26.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

27.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that

17

providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

28. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

29. Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration

18

requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

30.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

### Other Terms

31.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

32.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

19

33.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

34.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

35.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

36.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

37.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____

*John R. Lausch, Jr.* by SME
_____
JOHN R. LAUSCH, JR.
United States Attorney

_____
JACOB MATHLEY
Defendant

_____
CHARLES W. MULANEY
Assistant U.S. Attorney

_____
ROBERT A. HEAP
Attorney for Defendant

21