IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 585 |
| | ) | |
| JACOB MATHLEY | ) | Judge Jorge L. Alonso |
| | ) | |

DEFENDANT MATHLEY'S SENTENCING MEMORANDUM
AND PETITION FOR DOWNWARD DEPARTURE

Now Comes, JACOB MATHLEY, by and through his attorney, Robert A. Heap of Kuhn, Heap and Monson and hereby submits the following sentencing memorandum and petition for downward departure and in support thereof states as follows:

I.  **Historical Background**

Jacob Mathley is a 45 year old male who lives with his wife and two (2) children. These children are 13 and 14 years of age. Mr. Mathley also has a son from a previous relationship who is 23 years old who does not live in the household. He recently moved to DeKalb, Illinois where he is able to reside within the framework of his registration requirements.

Mr. Mathley was born in Anderson, Indiana before moving to South Carolina for a short period during his early years. He then moved back to Indiana where he lived until his junior year of high school when he spent time in a military school. During his early school years, he was diagnosed with ADHD and was medicated for a short time. After a year in the military school, Mr. Mathley received his GED and joined the United States

1

Air Force where he served from 1999 to 2002. After receiving a number of conduct medals, he was honorably discharged. He continued to serve in the National Guard for 6 years.

Once out of the Air Force, Mr. Mathley married and had a son and daughter who he raised until his recent incarceration.

After his arrest on these charges, Mr. Mathley immediately pursued a Sex Offender Assessment and began counselling. This counselling has led him to understand and deal with issues in his life that he had never addressed before. This counselling has shown Mr. Mathley the mental health conditions that not only led him to some of his addictive behaviors but also explain some of his actions throughout his lifetime.

## II.　Mental and Physical Health Issues

Along with his ADHD diagnosis in elementary school, he was medicated and placed into a learning disability class. Later in his life he was diagnosed with depression which was left untreated. This was exacerbated by the menial jobs which he worked and being a "stay-at-home" dad for long periods of time. His addictive personality led him to pornography which further led him to child pornography.

Mr. Mathley has substantial physical issues that he is dealing with and has been for some time. He is substantially overweight which aggravates other physical problems that he has. He is currently on 8 different medications for a bad back, bad knees, type 2 diabetes, high cholesterol, tachycardia and new temporary dentures which were just put in. He also has sleep apnea which requires a CPAP machine for sleeping.

### III. Corrections to the Presentence Investigation Report

The only correction that Mr. Mathley would like to make on the report is on page 19, paragraph 105. When he worked for Bethany Lutheran Church and School he worked approximately 40 hours per month which amounted to a monthly income of around $600.00.

### IV. Since the Arrest

Since being arrested Mr. Mathley has cooperated fully with anyone that he has been in contact with. It started with the law enforcement officers who he freely talked to and took full responsibility for everything that was alleged. There was never a reluctance to provide a full accounting of all of his actions.

Further, Mr. Mathley has complied with all conditions of his bond and home confinement. There was one incident where there was a computer that belonged to his daughter which had access to the internet. Mr. Mathley was not aware of the presence of that computer however when dealing with his pre-trial services officer and this court he still took full responsibility for that computer being in the house.

But for, the current offense, Mr. Mathley is a law-abiding citizen who is a good father and a good husband. He tried to always do the right thing. That is why this current offense seems to be such an anomaly.

Soon after his arrest, Mr. Mathley set up a Sex Offender Assessment with Chuck Lederman, LCSW. After completion of this assessment, he engaged in substantial counselling sessions up to the time he was confined after his change of plea hearing.

Even though Mr. Mathley understands that he will be incarcerated for years because of his actions, he is already making plans for his release. His goal is to help people like himself, that may go down this rabbit-hole of child pornography. He knew his behavior was wrong but he did not think of the consequences of his actions. He plans on finding a way to educate people to all of the suffering that his actions have caused. Most importantly, to the innocent children that will suffer for his action for many years to come. But also to the broken families; the ruining of lives surrounding him and the system that must deal with the terrible decisions that he has made. He is planning to try to help in all of these areas when he is finally able to walk free.

Mr. Mathley has had a difficult time finding his way as an adult. His education was cut short. His jobs were menial and unrewarding. He felt he was a good father but he could have done so much more. This terrible time he has gone through has opened up a completely new horizon for him. That is the public service that he can dedicate his life to upon his release.

### V.     Sentencing Guidelines

Mr. Mathley agrees with the calculation made by the Probation Department

### VI.    Prior Criminal Conduct

As is indicated in the Presentence Investigation Report, Mr. Mathley does not have any convictions for criminal offenses other than traffic tickets (No valid driver's license and speeding). He has not engaged in drug usage or other criminal conduct. There is no indication that he will ever engage in any criminal conduct again in his lifetime. His

4

commitment to counselling further confirms his commitment to lead a life that this court can be proud of.

### VII. Sex Offender Assessment

Mr. Mathley worked with Chuck Lederman, LCSW on an intensive Sex Offender Assessment. Many of the issues in Mr. Mathley's life have already been addressed in this document. Many have not. Mr. Lederman put him through a number of tests consistent with sex offenders.

Quoting from this report:

> *Risk Assessment: This writer evaluated Jacob on risk assessment instruments which measure what are called "static" or unchangeable risk factors and "dynamic" risk factors, that is, ones where positive or negative change can occur.*
> *His score on the ROSAC (The Risk of Sexual Abuse of Children) put him on the lower end of the risk spectrum. This instrument also integrates results from a static risk too., the STATIC-99R and his score on that instrument put him in a low-risk category. I also evaluated Jacob on the CPORT, the Child Pornography Offender Risk Tool, which measures static factors, and his score also puts him on the lower end of the risk spectrum. See page 19 of Lederman report*

Lederman goes on to state that:

> *Jacob is able to openly acknowledge his accessing of child pornographic materials. He clearly feels a deep sense of shame and guilt about it, not only for himself but concerns for the impact this could have on his family." See page 19 of Lederman report*

While this report shows that Mr. Mathley has many issues to work through, Lederman indicates that he is an appropriate candidate for counseling. He further states that there is no indication that there has ever been a "hand-on" experience with Mr. Mathley. What we have here is a person who did a lot of talking but was never interested in following through. This was role playing in a very inappropriate way. Regardless of the

5

appropriateness of it, the fact remains that he is not a danger to children. He is a person that needs counselling.

## VIII. Sentencing Recommendation

As this Court knows, Booker restored district court's ability to fashion a sentence tailored to the individual circumstances of the case and the defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Under Sec. 3553(a), courts are required to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Since Booker, the sentencing guidelines range is no longer binding on the Court but is only one of five factors to be considered in determining the sentence. Booker at 125 S.Ct. 764-765. The other four factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentencing disparities; and (4) the need to provide restitution. More importantly is that the primary sentencing mandate of Section 3553(a) is that the courts must impose the minimally sufficient sentence to achieve the statutory purpose of punishment. "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. 3553 (a)(2)." This provision is not simply a factor, it is a cap above which any court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the guidelines. U.S. v. Denardi 892 F2d 269, at 267-277 (3rd Cir. 1989).

The first factor can certainly be satisfied with a sentence under the guideline recommendations. The statute requires a minimum five (5) year sentence which this court must follow. The question becomes: How many additional years of incarceration

are needed to achieve the purposes of punishment. Some would say five is sufficient. That this defendant will learn his lesson and be sufficiently punished with spending five years away from his wife and children. Five years of missing birthdays and graduations. Five years of missing funerals of aged parents. It is a difficult decision that judges must make every day and society places a great burden on your shoulders.

The second factor includes the nature and circumstances of the offense and the history and characteristics of the defendant. I understand the inclination to harshly sentence an individual who gets involved in child pornography. Someone who creates this material and treats children so cravenly should be harshly dealt with. But is there a space for treating the person who looks at this material differently than one who makes it. I believe there is. I believe that counselling and probation and community service can bring many back to become fine members of society. Certainly Mr. Mathley could be one of those examples. He has always been a law-abiding citizen and a fine family man. Given the opportunity to learn from this and make the changes in his life that need to be made, he could move past this terrible decision that he made and go back to be that man that he knows he can be.

The third factor that must be dealt with is the need to avoid unwarranted sentencing disparities. It appears that the sentencing for defendants that possess and send images over the internet are inconsistent at best. This Court would be within the prerogative to give a sentence with many years in the Bureau of Prisons. However, this Court would also be within the norm to bring that sentence down to a level more in line with the statutory mandatory minimum.

The last factor is the need to provide restitution. As the Court knows, the defendant has a net worth of -$2,939.00. While in custody, any restitution will be minimal. Mr. Mathley understands and is willing to provide any restitution that this Court deems appropriate, but that restitution will be substantially delayed by an extended stay in the Bureau of Prisons. The victims of child pornography should receive restitution and Mathley is committed to provide his share of that. At this time, we have come to agreement with many of the victims regarding the amount of restitution. We continue to work to resolve the restitution for the remaining victims. Allowing Mr. Mathley to accomplish his restitution requirement by working and using as much of that income as possible to pay that restitution seems to be consistent with the appropriate ends of justice.

### IX. Conclusion

This is a very difficult case for all the people involved, including Mr. Mathley, his family, his friends and this Court. We have a very nice man who, prior to this incident, was a law-abiding citizen. He committed an act which was completely out of character for the type of person he really is. The question becomes, how do we deal with a person like this who has so much more to give to society. Can we give him another chance at living a good life for himself, his family and this Court.

Once Mr. Mathley gets out of prison, he will continue to register as a sex offender for the rest of his life. He will have an extended period of probation where he must abide by very strict guidelines. His activities and travel will be extremely limited. With all of this, he can become an asset to society. With extended community service requirements and restitution, he will begin the process of starting his life over and helping people who

could end up like him. That is what he wants for his future. With this Courts help, that is what he can do.

We respectfully request that this Court grant Jacob Mathley a downward departure consistent with the ability to sentence him to the minimum allowed in the type of case of five (5) years in the Bureau of Prisons along with an extended amount of community service. We further request that this Court recommend that he serve this sentence at the Marion facility because of their programs for sex offenders. This sentence will in no way deprecate the seriousness of this offense and will not be inconsistent with the ends of justice. It will be a sentence that shows the compassion which is required in this particular case.

Respectfully submitted,

Robert A. Heap
Attorney for Jacob Mathley

Robert A. Heap
Kuhn, Heap & Monson
101 N. Washington St.
Naperville, IL 60540
630-369-4980
Attorney # 6185465

9